# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:93-CR-00215-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS EMANUEL KINARD,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon the pro se "Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act and 18 U.S.C. 3582(c)(1)(B)" (ECF Doc. 256), filed by Defendant Carlos Emanuel Kinard. The Government has filed a Response (ECF Doc. 260) to the motion. Subsequently, Defendant filed a Reply (ECF Doc. 264) and a supplement (ECF Doc. 265) to the motion. Defendant further requests that the Court schedule a hearing in this matter and appoint counsel to represent him. The Court finds that a hearing is not necessary and addresses the request for counsel in the discussion below. For the reasons indicated herein, the Court finds that the Motion should be granted in part and denied in part.

## I. BACKGROUND

In brief, Defendant participated in a violent drug-trafficking organization that distributed crack cocaine in Charlotte, North Carolina. As part of the organization, Defendant participated in a home-invasion robbery where, during the robbery, Defendant and his co-conspirators stole crack cocaine, and they also shot and seriously injured a young boy present. Later, Defendant participated in another home invasion where Defendant shot and murdered a fifteen-year-old boy

and shot a second victim in the foot. Another resident was also shot and two young women were kidnapped.

Defendant was indicted and convicted for one count of conspiracy to possess with intent to distribute, and distribute cocaine base; one count of conspiracy to commit violent crimes in aid of racketeering; two counts of possession with intent to distribute cocaine base; one count of murder in aid of racketeering activity; two counts of assault with a dangerous weapon in aid of racketeering; two counts of kidnapping in aid of racketeering activity; two counts of possession of a firearm during a drug trafficking crime; and one count of possession of a firearm during a crime of violence.

Defendant was sentenced to life imprisonment on seven counts; two sentences of twenty years for the assault offenses; and one sentence of ten years and two sentences of twenty years for the Section 924(c) firearm offenses. Specifically relevant to this motion is that three of Defendant's life sentences are pursuant to his drug-trafficking offenses, while the bill of indictment does not identify a drug quantity and no drug quantity was found by the jury for the drug-trafficking offenses.

Defendant now requests a sentence reduction pursuant to the First Step Act of 2018. In large part, he argues that he is eligible for a reduction on his drug-trafficking offenses and that the Court has discretion to reduce his sentence for the other offenses as well. Defendant further requests that the Court reduce his Section 924(c) firearm offense sentences pursuant to the changes in "stacking" that were made through Section 403 of the First Step Act of 2018. The Government opposes this motion largely because a sentence reduction would not reduce Defendant's aggregate sentence.

## II. DISCUSSION

Defendant first requests that the Court reduce his sentence pursuant to Section 404 of the First Step Act, arguing that his drug-trafficking offenses in Counts One, Eleven and Twelve are "covered offenses" that make him eligible for a reduction. Under this first portion of Defendant's motion, the Court notes that the First Step Act gives retroactive effect to Sections 2 and 3 of the Fair Sentencing Act of 2010, which reduced the former 100:1 crack-to-powder mandatory minimum ratio to an 18:1 ratio. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). To seek a reduced sentence under the First Step Act, a defendant must first establish that the defendant was sentenced for a "covered offense." Pub. L. 115-391 (2018), Sec. 404. If the defendant was sentenced for a covered offense, a court must then exercise its discretion in determining whether to grant a sentence reduction. *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). In exercising its discretion to reduce a sentence, the Court is constrained by the statutory range that would have applied had the Fair Sentencing Act been in effect when the defendant committed the offense. *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021).

Here, there is no dispute that Defendant was sentenced for "covered offenses." Defendant was sentenced using mandatory-minimum penalties pursuant to 21 U.S.C. § 841(b)(1)(A) on Counts One, Eleven, and Twelve. If the Fair Sentencing Act had been in effect when Defendant committed these offenses, Defendant would have been sentenced to not more than 240 months in prison on Counts One, Eleven, and Twelve, pursuant to 21 U.S.C. § 841(b)(1)(C). Therefore, the Court must reduce Defendant's sentence on Counts One, Eleven, and Twelve to 240 months each.

Nevertheless, this sentence reduction in no way changes Defendant's aggregate sentence. Further, despite Defendant's argument to the contrary, he is not entitled to a plenary resentencing on his other non-covered offenses. *Collington*, 995 F.3d at 356. The Court will reduce

Defendant's sentences on Counts One, Eleven, and Twelve accordingly, but doing so does not alter Defendant's aggregate sentence length of life in prison plus a consecutive fifty years.

Defendant also requests that the Court reduce his sentence pursuant to Section 403 of the First Step Act, arguing that the previous mandatory minimum on the "stacking" for his second and third 21 U.S.C. § 924(c) offenses constitutes extraordinary and compelling reasons warranting a sentence reduction. Prior to the First Step Act, sentences under Section 924(c) were "stacked" such that there was a five- to ten-year mandatory minimum for the first offense and a twenty-five-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the twenty-five-year sentence for subsequent violations was clarified to apply only when a prior Section 924(c) conviction arises from a separate case and has already become final. *Id.* But that change was not made retroactive for sentences such as Defendant's, which were imposed before the First Step Act became law. *Id.* Despite this change not being made retroactive, some defendants have argued successfully that their "stacked" sentences imposed prior to the First Step Act constitute "extraordinary and compelling reasons" warranting a sentence reduction. *McCoy*, 981 F.3d at 286 (finding that district courts have permissibly treated the severity of pre-First Step Act Section 924(c) sentences as "extraordinary and compelling reasons" to reduce a sentence under Section 3582(c)(1)(A)). Therefore, Defendant argues that the Court should reduce his Section 924(c) sentences accordingly under Section 3582(c)(1)(A).

Under Section 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at

280. The Fourth Circuit has recently found that there is no applicable policy statement from the Sentencing Commission where a defendant files a motion for compassionate release because the Sentencing Commission has not issued a policy statement since prior to the First Step Act becoming law. *Id.* at 284. The severity of Section 924(c) sentences, and the corresponding disparity between pre-First Step Act Section 924(c) sentences and post-First Step Act Section 924(c) sentences, can contribute to the factors considered in determining whether a sentence reduction is warranted. *Id.* at 286. However, this is not to say that "'*all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences on a case-by-case basis.'" *Id.* at 287 (quoting *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *5 (D. Md. Apr. 30, 2020)).

Here, the Court does not find that a reduction of Defendant's Section 924(c) sentences is warranted. While Defendant was subject to the "stacking" that occurred prior to the First Step Act, the Court is not required to reduce his sentence since the changes made in the First Step Act were not retroactive for cases such as his. Further, in considering all the relevant Section 3553(a) factors, the Court finds that the factors do not favor reducing Defendant's Section 924(c) sentences. In particular, while Defendant argues that his age at the time of the offenses and his post-sentencing conduct favor reduction under Section 3582(c)(1)(A), Defendant's sentences reflect the seriousness of his offenses, including the extremely violent and dangerous nature of his offenses. The offenses led to murder, kidnapping, and other violence. Not only are Defendant's sentences necessary to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence, but they are also necessary to protect the public from further crimes. After considering the circumstances of this case, the Court will deny the portion of Defendant's motion that requests sentence reductions for his Section 924(c) offenses.

Lastly, Defendant requested that the Court appoint counsel to represent him in this motion. There is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Here, Defendant has shown himself capable of filing his own motion, and the Court finds no other facts or circumstances supporting an argument that the interests of justice require appointment of counsel. Therefore, the Court will deny Defendant's motion to appoint counsel.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's pro se "Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act and 18 U.S.C. 3582(c)(1)(B)" (ECF Doc. 256) is **GRANTED IN PART AND DENIED IN PART** as indicated herein; and

**IT IS FURTHER ORDERED** that Defendant's sentences on Counts One, Eleven, and Twelve are reduced to 240 months each, to be followed by the standard terms of supervised release as set forth in Defendant's initial judgment.

**SO ORDERED**.

Signed: July 12, 2021

Graham C. Mullen
United States District Judge