UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00161-GCM
(3:93-cr-00215-GCM-6)

| | |
|---|---|
| CARLOS EMANUEL KINARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 4].

**I.    BACKGROUND**

Petitioner Carlos Emanuel Kinard ("Petitioner") was part of the Flowe organization, a violent drug-trafficking organization that operated in Charlotte, North Carolina from August 1989 to September 1993. [CR Doc. 252 at ¶¶ 17, 20]. Members of the Flowe organization, including Petitioner, distributed crack cocaine and carried and used firearms to steal drugs and money from other drug dealers, to assault and kill rival drug dealers, to kidnap individuals to extort drugs and money, and to protect the organization and its drugs. [Id. at ¶ 18; see id. at ¶¶ 19-30]. On June 18, 1992, Petitioner and others committed a home invasion robbery, using

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00161-GCM, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:93-cr-00215-GCM-6.

firearms to rob two men of money and 28 grams of crack cocaine.  [Id. at ¶ 22].  A 12-year-old boy, Andre Green, was shot and seriously injured during the robbery.  [Id.].

On June 29, 1993, Petitioner, Angelo Flowe, Jermaine Padgett, William England, and Larry McConneyhead committed a home invasion based on a rumor that a large sum of money and crack cocaine belonging to Milton McKnight, a known drug dealer, would be there.  [Id. at ¶ 31].  During the home invasion, McKnight escaped through a window, but his brother and another man, Stacy Dooley, were shot, a 16-year-old girl and a 20-year-old woman were kidnapped, and a 15-year-old boy, Richard Wright, was shot and killed.  [Id. at ¶¶ 31-32].  Witnesses identified Petitioner as the person who killed Wright.  [Id. at ¶ 33].

In October 1993, Petitioner was charged in a Bill of Indictment with one count of drug trafficking conspiracy in violation of 21 U.S.C. § 846 (Count One); one count of RICO conspiracy and aiding and abetting the same in violation of 18 U.S.C. §§ 1959 and 2 (Count Two); three counts of assault with a dangerous weapon, a firearm, in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 (Counts Three, Twenty-Nine, and Thirty); two counts of using and carrying a firearm in furtherance of a crime of violence, that is, assault with a dangerous weapon in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Four and Thirty-Three); three counts of using and carrying a firearm in furtherance of a drug trafficking crime, that is, conspiracy to possess with intent to distribute cocaine base, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Five, Thirteen, and Thirty-Four); two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts Eleven and Twelve); murder in aid of racketeering and aiding and abetting the same in violation of 18 U.S.C. § 1959(a)(1) and 2 (Count Twenty-Eight); two counts of kidnapping in aid of

racketeering and aiding and abetting the same in violation of 18 U.S.C. § 1959(a)(1) and 2 (Counts Thirty-One and Thirty-Two); and one count of possession of a short-barreled shot gun in violation of 26 U.S.C. §§ 5861(c) and 5871 (Count Thirty-Five). [CR Doc. 3: Bill of Indictment]. Petitioner proceeded to trial. [CR Doc. 136 at 1: Judgment].

After the Court dismissed County Thirty-Five on Petitioner's Rule 29 motion, the jury found Petitioner guilty on all Counts except for Counts Three, Four, and Five. [7/28/1994 Docket Entries]. On September 12, 1994, the Court sentenced Petitioner to concurrent life sentences on Counts One, Two, Eleven, Twelve, Twenty-Eight, Thirty-One, and Thirty-Two; a term of twenty years' imprisonment on each of Counts Twenty-Nine and Thirty, to run concurrently to each other and to the life sentences; a consecutive sentence of ten years on Count Thirteen; and consecutive sentences of twenty years on each of Counts Thirty-Three and Thirty-Four, for a total term of imprisonment of life, plus 50 years. [CR Doc. 136 at 2]. Judgment on Petitioner's convictions was entered on September 12, 1994. [Id.].

Petitioner appealed, arguing the Government failed to present sufficient evidence of a nexus with interstate commerce for federal prosecution and that the evidence was insufficient to support his conviction. United States v. Kinard, 78 F.3d 580 (4th Cir.), cert. denied, 117 S. Ct. 124 (1996). The Fourth Circuit affirmed. Id.

In 2016, Petitioner filed his first motion to vacate. He asserted that Johnson v. United States, 576 U.S. 591 (2015), invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B) and, therefore, his conviction for using a firearm in furtherance of a crime of violence should be vacated. See Kinard v. United States, No. 3:16-cv-539-GCM, 2017 WL 4350983, at *2 (W.D.N.C. Sept. 29, 2017). The Court held that Petitioner's motion to vacate was time-barred under 28 U.S.C. § 2255(f) because Johnson applied to the Armed Career Criminal Act (ACCA),

3

18 U.S.C. § 924(e), and did not invalidate § 924(c)(3)(B). Id. at *3. The Court alternatively denied Petitioners' motion because § 1959(a)(3) requires a showing of both common law assault and the use of a dangerous weapon, which satisfied § 924(c)'s force clause. Id. at *5.

On October 29, 2019, Petitioner filed a motion for authorization to file a successive habeas application with the Fourth Circuit. [USCA4 Appeal: 19-426, Doc. 2]. Petitioner's motion for authorization attached a 19-page document that the Circuit docketed as a "Proposed 2255," which sets forth Petitioner's arguments in support of relief under § 2255.[2] [Id., Doc. 2-2]. On November 6, 2019, the Fourth Circuit placed Petitioner's motion in abeyance pending its decision in In re Thomas, No. 19-292. [Id., Doc. 7]. The Fourth Circuit decided Thomas on February 23, 2021 and granted Petitioner's motion for authorization to file a successive habeas application on April 1, 2021. [Id., Doc. 12]. Petitioner filed the instant motion to vacate just eight days later, on April 9, 2021. [CV Doc. 1 at 12]. In this motion, Petitioner argues that, in light of United States v. Davis, 139 S. Ct. 2319, 2336 (2019), his § 924(c) conviction on Count Thirty-Three must be "dismissed" because § 1959(a)(3), including aiding and abetting this offense, is "categorically" not a crime of violence. [Id. at 4-5, 7]. Petitioner also claims that his convictions on Counts Thirteen and Thirty-Four should be "further explor[ed]" "to determine whether the jury unanimously rested Counts 13 and 34 § 924(c) offenses solely on drug trafficking offenses or also on the Conspiracy to Commit Violent Crimes in Aid of Racketeering Activity in violation of 18 U.S.C. §§ 1959 and 2," "[b]ecause the superseding indictment incorporated by reference Counts 13 and 34 § 924(c) offenses into the Racketeering Conspiracy Count." [CV Doc. 1 at 12, 14].

---

[2] Most of this Proposed 2255 is identical to the motion to vacate Petitioner eventually filed with this Court. [See USCA4 Appeal: 19-426, Doc. 2-2 at 8-19; Cf. CV Doc. 1 at 13-23]. Moreover, the totality of the issues presented are identical. [See id.].

4

The Government moved to dismiss Petitioner's motion to vacate on the grounds that: (1) it is untimely under AEDPA's[3] one-year statute of limitations, 28 U.S.C. § 2255(f), because he did not file it within one year of Davis, (2) it is procedurally defaulted by not having been raised before this Court or on direct appeal, and (3) it fails as a matter of law on the merits. [CV Doc. 4]. Petitioner responded, arguing that his motion is timely, that his Davis claim is not procedurally defaulted, and that his conviction under § 1959(a)(3) is not a crime of violence, particularly under Borden v. United States, 140 S. Ct. 1262 (2020), which "held that 'reckless aggravated assault' is not a categorical 'crime of violence' under the [ACCA]," because "[t]he least culpable way to violate § 1959(a)(3) or N.C. Gen. Stat. § 14-32 can be satisfied by negligence or reckless conduct." [CV Doc. 6]. The Government replied [CV Doc. 7] and Petitioner filed an unauthorized surreply [CV Doc. 8], which the Court declines to consider.

On July 13, 2021, this Court granted in part and denied in part Petitioner's motion to reduce his sentence pursuant to the First Step Act. [CR Doc. 266]. The Court reduced Petitioner's sentences for three of the drug trafficking offenses (Counts One, Eleven, and Twelve) to 240 months' imprisonment. [Id. at 3]. The Court, however, rejected Petitioner's request to reduce the "stacked" sentences for his § 924(c) convictions, concluding that the sentencing factors in 18 U.S.C. § 3553(a) militated against reducing Petitioner's sentence. [Id. at 5]. Petitioner's life sentences on Counts Two, Twenty-Eight, Thirty-One, and Thirty-Two remain undisturbed.

This matter is now ripe for adjudication.

---

[3] The Antiterrorism and Effective Death Penalty Act.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Timeliness

The Government argues that Petitioner's motion to vacate is time barred because he did not file it until April 9, 2021, nearly two years after Davis. Petitioner contends that his motion to vacate is timely because he "invoked his rights under Davis on October 28, 2019 when he filed a complete copy of his successive motion in the Fourth Circuit with the exact claims he desired to present to the district court." [CV Doc. 6 at 2]. Petitioner, in turn, contends that his motion to vacate, therefore, is timely "because it was filed on October 28, 2019." [Id.]. In its reply, the Government, citing Fierro v. Cockrell, 294 F.3d 674, 681 (5th Cir. 2002), contends that Petitioner's motion for authorization to file a successive habeas application "was a separate proceeding in the Court of Appeals for the Fourth Circuit," and that Petitioner did not file his motion to vacate until April 9, 2021. [CV Doc. 7 at 1-2]. In Fierro, the Fifth Circuit affirmed the district court's denial of equitable tolling of AEDPA's limitations period because the petitioner's "motion for authorization is merely a preliminary motion that does not itself initiate habeas proceedings, it cannot satisfy the statute of limitations established under the AEDPA." Id. at 681.

6

Other circuits, however, have equitably tolled the limitations period, at least in certain circumstances, where a motion for authorization was filed within one year of judgment finality. See Oronoa v. United States, 826 F.3d 1196, 1199 (9th Cir. 2016) (concluding that "the filing of a second or successive application in our court tolls the 1-year statute of limitations, and that the limitations period remains tolled until our court rules on the application"); Easterwood v. Champion, 213 F.3d 1321, 1324 (10th Cir. 2000) (holding limitations period "tolled during the twenty-three days that [petitioner's] request to file a successive habeas petition was pending before this court."). The Fourth Circuit, however, has not addressed the issue. Given the split of authority and no precedent from the Fourth Circuit, the Court declines to determine whether equitably tolling should apply to save Petitioner's otherwise untimely motion to vacate from dismissal where, as here, it can be dismissed on the merits, as explained below.

**B.     Merits**

Petitioner challenges his conviction under § 924(c), contending that the predicate VICAR offense,[4] assault with a dangerous weapon in aid of racketeering, is not a crime of violence under § 924(c)'s force clause, 18 U.S.C. § 924(c)(3)(A). An offense under § 924(c) is made out when a defendant uses or carries a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Until recently, under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property

---

[4] The VICAR statute provides, in part: "Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintain or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so, shall be punished – … (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both…." 18 U.S.C. § 1959(a)(3) (emphasis added).

of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). In Davis, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. Therefore, after Davis, a § 924(c) conviction is valid only if the underlying "crime of violence" satisfies the "force clause."

Here, Petitioner's predicate crime of violence was assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3). As such, whether Petitioner's § 924(c) conviction stands turns on whether assault with a dangerous weapon under § 1959(a)(3) qualifies as a crime of violence under the force clause. Again, a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another." "[T]he phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct.1265 (2010). The Court, therefore, determines whether assault with a dangerous weapon in aid of racketeering under 18 U.S.C. § 1959(a)(3) categorically involves the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person." See Manners v. United States, 947 F.3d 377, 380 (2020).

Because § 1959 does not define "assault," the common law meaning applies. See United States v. Shabani, 513 U.S. 10, 13 (1994) (following "the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms."). Common law assault is the "(1) willful attempt to inflict injury upon the person of another, … or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, cause a reasonable apprehension of immediate

8

bodily harm." United States v. Lamott, 831 F.3d 1153, 1156 (9th Cir. 2016) (internal quotation marks and citations omitted). Section 1959(a)(3) heightens simple assault by also requiring the use of a dangerous weapon, "that is, an object with the capacity to endanger life or inflict serious bodily harm." Davis v. United States, 430 F.Supp.3d 141 (2019) (citing United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (defining a "dangerous weapon")).

By requiring both common law assault and the use of a dangerous weapon, § 1959(a)(3) has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," and, therefore, satisfies the § 924(c)'s force clause. See e.g., Manners v. United States, 947 F.3d 377, 382 (6th Cir. 2020) ("[Petitioner] cannot avoid the conclusion that the dangerous weapon element of § 1959(a)(3) elevate[s] even the most minimal type of assault into violent force sufficient to establish this offense as a crime of violence.") (internal quotation marks and citation omitted)); Ellis v. United States, --- F.Supp.3d ---, 2020 WL 1844792 (E.D. Va. Apr. 10, 2020) (holding assault with a deadly weapon under § 1959(a)(s) qualifies as a crime of violence under the force clause); United States v. Jones, No. 7:16-cr-30026, 2017 WL 3725632, at *6 (W.D. Va. Aug. 29, 2017) (same). See also United States v. Bryant, 949 F.3d 168, 182 (4th Cir. 2020) (holding that "the aggravated offense contained in [18 U.S.C.] § 2114(a), which requires that the defendant wound or put the victim's life in jeopardy by use of a dangerous weapon during commission of the basic offense, is categorically a crime of violence under the force clause of § 924(c)(3)(A)").[5] As such, Petitioner's § 924(c) predicate offense, assault with a dangerous weapon in aid of racketeering, is a crime of violence and his § 924(c) conviction on Count Thirty-Three stands.

---

[5] Cf., In re Thomas, 988 F.3d 783, 791 (4th Cir. 2021) (noting that the court's "recent holding in United States v. Keene, 955 F.3d 391 (4th Cir. 2020), suggests that we need not look through the VICAR elements and examine only the underlying state-law predicates").

Petitioner also challenges his § 924(c) convictions because "[a]iding and abetting § 1959 categorically is not a crime of violence where it does not require use, attempted use or threatened use of physical force against the person or property of another." [CV Doc. 1 at 14]. This argument is directly foreclosed by United States v. Ali, 991 F.3d 561 (4th Cir. 2021), which held that "aiding and abetting a crime of violence is also categorically a crime of violence." Id. at 574.

Finally, Petitioner argues that the Court must determine whether the jury found Petitioner guilty on Counts Thirteen and Thirty-Four based solely on the drug trafficking predicates or also on the RICO conspiracy offense where "the superseding indictment incorporated by reference Counts 13 and 34 § 924(c) offenses into the Racketeering Conspiracy Count." [CV Doc. 1 at 14]. First, there was no superseding indictment in the underlying criminal proceedings. Second, although the RICO conspiracy count, Count Two, references the underlying racketeering activity, including drug trafficking, there was no ambiguity in the drug trafficking predicates on which Petitioner's § 924(c) convictions on Counts Thirteen and Thirty-Four were based. [See CR Doc. 3 at 7, 17]. The Court, therefore, also denies this claim.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Government's motion to dismiss and denies and dismisses Petitioner's motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

---

[6] Because Petitioner's § 2255 motion can be resolved on the merits, the Court declines to address the Government's arguments that Petitioner is procedurally barred from raising the issue decided here.

2. The Government's Motion to Dismiss [Doc. 4] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 2, 2021

Graham C. Mullen
United States District Judge