# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:93-CR-00215-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **ORDER** |
| CARLOS EMANUEL KINARD, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Defendant Carlos Emanuel Kinard's second Motion for Compassionate Release (ECF No. 277). Kinard previously sought a reduction in his sentence under Sections 404 and 403 of the First Step Act. *See* ECF No. 256. The Court granted that motion in part, and denied it in part. *See* ECF No. 266. Kinard then filed a notice of appeal on July 26, 2021. *See* ECF No. 269.

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). It appears that the grounds asserted in Kinard's second motion for compassionate release are interwoven—and in some cases identical—to the grounds asserted in his first motion. *Compare, e.g.*, ECF No. 256 at 14–17 (arguing for resentencing based on age at the time of the offense), *with* ECF No. No. 277-1 at 19–23 (same). Because the second motion asserts "matters involved in the appeal" of the first, the Court is without jurisdiction over Kinard's second motion. *See United States v. Bunch*, 828 F. App'x 185, 185 (4th Cir. 2020) (noting that a district court found that the appeal of a § 2255 motion deprived it of jurisdiction over a compassionate release motion).

Under the Federal Rules of Criminal Procedure, the Court has three options when confronted with a motion that it lacks authority to grant. *See* Fed. R. Crim. P. 37(a). The Court can (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue. *Id.* The Court concludes that the best course of action here is to deny the motion without prejudice. Kinard may re-file his motion after such time as the Fourth Circuit Court of Appeals resolves his pending appeal.

**IT IS THEREFORE ORDERED** that the second Motion for Compassionate Release (ECF No. 277) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: February 16, 2022

Graham C. Mullen
United States District Judge