**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7118**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS EMANUEL KINARD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:93-cr-00215-GCM-6)

Submitted: May 9, 2024 Decided: May 29, 2024

Before NIEMEYER, Circuit Judge, and MOTZ and FLOYD, Senior Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Carlos Emanuel Kinard, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Emanuel Kinard appeals the district court's order granting in part and denying in part his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"). In 1994, Kinard was convicted on twelve counts relating to a drug and racketeering conspiracy: conspiracy to distribute with intent to distribute and distribution of a quantity of cocaine base (Count 1), violent crimes in aid of racketeering (Count 2), two counts of possession with intent to distribute cocaine base (Counts 11, 12), two counts of using and carrying a firearm during a drug trafficking crime (Counts 13, 34), using and carrying a firearm during a crime of violence (Count 33), murder or kidnapping in aid of racketeering and aiding and abetting the same (Counts 28, 31, 32), and two counts of assault in aid of racketeering and aiding and abetting same (Counts 29, 30). Because the district court did not consider Kinard's nonfrivolous arguments for a sentence reduction, we vacate and remand for resentencing.

Kinard's sentencing range under the then-mandatory Sentencing Guidelines was life. Kinard received concurrent life sentences for Counts 1, 2, 11, 12, 28, 31, and 32, and 20 years' imprisonment for Counts 29 and 30. The sentences for the firearm convictions were stacked, as required by statute, beginning with a 10-year consecutive sentence for Count 13, plus two 20-year consecutive sentences for Counts 33 and 34.

Kinard moved for a sentence reduction under § 404 of the FSA. Kinard asserted that Counts 1, 11, and 12 were covered offenses and he should be resentenced to no more than 240 months for those convictions, the maximum sentence under 21 U.S.C. § 841(b)(1)(C). Kinard also asserted that the district court could unbundle the grouped

offenses and resentence him on noncovered offenses. And Kinard asserted that he was sentenced under the mandatory Guidelines, but after *United States v. Booker*, 543 U.S. 220, 227 (2005), the court should consider the Guidelines as advisory.

The district court determined that Kinard was convicted of three covered offenses: Counts 1, 11, and 12, and concluded that if the Fair Sentencing Act had been in effect when Kinard was originally sentenced, he would have been sentenced to no more than 240 months in prison for those three covered convictions. After reducing the sentence for the three convictions, the court concluded that Kinard was not entitled to plenary resentencing for his noncovered offenses and declined to reduce any other terms of imprisonment. The court addressed Kinard's claim that his three 18 U.S.C. § 924(c) sentences should be reduced under 18 U.S.C. § 3582(c)(1)(A) if there were extraordinary and compelling reason for a reduced sentence. But the court determined that the 18 U.S.C. § 3553(a) sentencing factors did not warrant a reduction.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks omitted). The FSA "defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). Courts however are not required to reduce any sentence, even one above the revised statutory maximum. *United States v. Reed*, 58 F.4th 816, 821-22 (4th Cir. 2023). But the court

"must consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact." *Id*. at 821.

When, as here, the defendant is eligible for relief because he was convicted of a covered offense, the district court must analyze the § 3553(a) factors to determine whether to exercise its discretion to reduce the defendant's sentence. We review a court's decision to grant or deny a sentence reduction under the FSA for abuse of discretion. *Id*. at 819. Under the abuse-of-discretion standard, we will "affirm a district court's denial of a Section 404(b) relief unless the court's decision is procedurally and substantively unreasonable." *Id*. at 820.

We held this appeal in abeyance pending this court's decision in *United States v. Richardson*, 96 F.4th 659 (4th Cir. 2024). In *Richardson*, the district court reduced Richardson's sentence for the covered offense under § 404(b) of the FSA, but found that his noncovered offense was not eligible for a reduction. We held that the court had the discretion under the sentencing package doctrine to reduce the sentences for covered and noncovered offenses under the FSA if they function as a package. We further stated that "[a] district judge is best suited to determine in the first instance whether she sentenced defendant's charges as a package," because "the trial judge would be better situated to determine whether the noncovered counts were interrelated when she initially sentenced the defendant." *Id*. at 665, 669.

Because Kinard asserted that the district court had authority to reduce the sentences for his noncovered convictions and to consider that the Guidelines are now advisory, we vacate the court's order and remand for resentencing. We take no position on whether

Kinard's overall sentence should be reduced further. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*